THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANGELIA T ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA FIRST CREDIT UNION; MOUNTAIN AMERICA C.U.; RANDI LNU, Manager; ASHLEY LNU, Asst Manager; SAM LNU, Lead Teller; CARSON LNU, Teller; and JANA PACE,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00749-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Angelia T Ortega ("Ms. Ortega") filed this action against America First Credit Union; Mountain America C.U.; Randi LNU, Manager; Ashley LNU, Assistant Manager; Sam LNU; Lead Teller; Carson LNU, Teller; and Jana Pace on October 7, 2024.[2] After identifying deficiencies in Ms. Ortega's complaint, the court ordered Ms. Ortega to file an amended complaint by December 17, 2024.[3] The court noted that failure to file an amended complaint could result in a recommendation to dismiss this action.[4] Ms. Ortega did not file an amended complaint by the deadline set forth in the court's order.

---

[1] ECF No. 5.

[2] ECF No. 1.

[3] ECF No. 6.

[4] *Id.* at 9.

As previously addressed, Ms. Ortega has failed to establish this court's subject-matter jurisdiction and her complaint fails to state a plausible claim for relief. Because Ms. Ortega did not comply with the court's order to amend her complaint, granting her further opportunities to amend would be futile. Thus, the court recommends the dismissal of this action with prejudice.

## BACKGROUND

Ms. Ortega's complaint names as defendants America First Credit Union; Mountain America C.U.; Randi LNU, Manager; Ashley LNU, Assistant Manager; Sam LNU; Lead Teller; Carson LNU, Teller; and Jana Pace (collectively, "Defendants").[5] Ms. Ortega's complaint contains the following allegations in support of her claims:

- "Utah First Credit Union, Chartway Fed CU, [and] Mtn America have stolen money from [Ms. Ortega's account], ACH payments, not counting [her] SSI payments for retirement, PPD ACH payment."[6]

- "Zions [B]ank is where this all started in 2013. [Ms. Ortega] had no knowledge that the payments had been started in 2013 for ACHECCPPD. Zions loaned [and] invested this [d]eposit in numerous accounts."[7]

- Ms. Ortega "never received any payments for [her] settlement . . . other than [her] SSI payment."[8]

---

[5] ECF No. 1.

[6] *Id.* at 7.

[7] *Id.*

[8] *Id.*

- "[Ms. Ortega's] auto accident on 7/18/07 was settled for approx[imately] 2011 for [$]393,537.88 and to date [she] [has] only received [$]32,000.00 in 2011."[9]

- Ms. Ortega claims she "also never received any money from Utah First Federal CU which was an investment in the amount of [$]15,000.00. [She] had investments with TransAmerica and a Checking HSA Share Savings [and] HSA Savings . . . Certificate Accts, [and] Flexible Certificates."[10]

## LEGAL STANDARDS

To review Ms. Ortega's complaint under the authority of the IFP Statute, the court must consider two legal standards. First, the court considers the standard under Fed. R. Civ. P. 12(b)(1) regarding lack of subject-matter jurisdiction. Second, the court considers the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted. Each legal standard is set forth below.

### I. Federal Jurisdiction

Federal courts are courts of limited subject-matter jurisdiction.[11] Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Tenth Circuit states that "[a] case arises under federal law if its well-pleaded complaint establishes either that federal law creates the

---

[9] *Id.* at 8.

[10] *Id.*

[11] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

3

cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."[12]

Under 28 U.S.C. § 1332(a), federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."[13] "[An individual] is a citizen of the state in which he or she is domiciled. Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely."[14] Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[15]

Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[16] To do so, the plaintiff "must allege in [her] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[17] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under

---

[12] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotations and citation omitted).

[13] *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[14] *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

[15] *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations and citation omitted)).

[16] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[17] *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

4

Fed. R. Civ. P. 12(b)(1).[18] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of subject matter jurisdiction at any time.[19]

## II. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[20] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[21] Under that standard, the court "look[s] for plausibility in th[e] complaint."[22] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[23]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[24] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing

---

[18] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[19] *Id.* at 501.

[20] 28 U.S.C. § 1915(e)(2)(B)(ii).

[21] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[22] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[23] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[24] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

that the pleader is entitled to relief."[25] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[26] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[27] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[28] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[29]

In analyzing Ms. Ortega's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[30] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[31] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[32] Indeed, as the Court of Appeals for the Tenth Circuit stated,

---

[25] Fed. R. Civ. P. 8(a)(2).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[27] *Id.*

[28] *Twombly*, 550 U.S. at 555.

[29] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[31] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[32] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[33]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend."[34]

## ANALYSIS

The court recommends dismissal of Ms. Ortega's complaint because: (I) Ms. Ortega fails to establish the court's subject-matter jurisdiction; and (II) Ms. Ortega does not state a plausible claim for relief. Each ground for dismissal is discussed in order below.

### I. Ms. Ortega Fails to Establish the Court's Subject Matter Jurisdiction.

As the plaintiff in this action, Ms. Ortega bears the burden of establishing federal jurisdiction.[35] To do so, she "must allege in [her] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[36] In this case, the court concludes that it

---

[33] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[34] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[35] *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[36] *U. S. ex rel. Precision Co.*, 971 F. 2d at 551 (second alteration in original) (quotations and citations omitted).

lacks subject-matter jurisdiction over Ms. Ortega's claims because Ms. Ortega has not established that this action arises under federal law or that the parties in this action are citizens of different states and the amount in controversy exceeds $75,000. As to bringing a claim under federal law, Ms. Ortega does not cite or mention any federal law under which this action is brought. And as to diversity of citizenship, the allegations in the complaint seem to indicate that Ms. Ortega lives in Utah, which is a fatal jurisdictional problem for this action given that the Defendants appear to be Utah credit unions and their employees. Consequently, the court lacks subject-matter jurisdiction over Ms. Ortega's claims.

## II.     Ms. Ortega's Complaint Fails to State a Plausible Claim for Relief.

After reviewing Ms. Ortega's complaint, the court concludes that all the factual allegations therein are conclusory in nature, and, therefore, fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). Ms. Ortega fails to make any specific, intelligible allegations about Defendants' alleged actions. Instead, she makes only conclusory allegations devoid of any factual support of enhancement. In fact, Ms. Ortega appears to raise allegations against "Utah First Credit Union," "Chartway Federal CU," "Zions Bank," "Darlene Herrschaft," "Allison Herrschaft," and "Kallie McKown"—none of whom are named Defendants in this action.[37] Moreover, Ms. Ortega has not provided the court with any recognized cause of action under state or federal law. Thus, she has failed to make sufficient allegations to state any claims upon which relief can be granted.[38] Because Ms. Ortega failed to comply with the court's

---

[37] ECF No. 1 at 7-8.

[38] *Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a

order to amend her complaint, granting her further opportunities to amend would be futile. Therefore, the court recommends dismissal of this action with prejudice.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[39] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[40] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[39] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[40] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).